1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA INSTITUTE OF LAW, a California corporation,<br><br>        Plaintiff,<br>    vs.<br><br>TCS EDUCATION SYSTEM, an Illinois corporation; DAVID J. FIGULI, an individual; and GLOBAL EQUITIES, LLC d/b/a HIGHER EDUCATION GROUP, a Colorado limited liability company,<br><br>        Defendants. | CASE NO.: CV10-8026 JAK (AJWx)<br><br>[Assigned to Hon. John A. Kronstadt]<br><br>**PROTECTIVE ORDER GOVERNING THE PRODUCTION AND USE OF INFORMATION**<br><br>Action Filed: Oct. 25, 2010 |

[PROPOSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND USE OF INFORMATION

On August 22, 2011, the parties filed a Stipulation requesting that the Court enter a Protective Order in this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to limit the use of their confidential, proprietary, business, financial, technical, engineering and other private information;

The Court, having reviewed the parties' Stipulation, and for good cause shown, **ORDERS** as follows:

1. **RECITALS OF GOOD CAUSE**

    1.1   Preparation and trial of this action may require the discovery of certain business records and other materials that contain trade secrets or confidential information including, but not limited to, tax and financial information, strategic planning documents, personnel information, self-evaluation materials, confidential regulatory submissions and other competitively sensitive and proprietary information.

    1.2.  Public dissemination of trade secrets or the parties' confidential or proprietary information may harm the parties and their respective businesses.

    1.3   Disclosure of confidential information to persons designated in this Stipulated Protective Order may be necessary to enable the parties to fairly prepare this case for trial and other proceedings.

2. **DEFINITIONS**

    2.1   <u>Party</u>: Any party to this action, including all of its officers, directors, trustees, employees, consultants, retained experts, outside counsel (and their support staff), members, parents, subsidiaries and affiliates.

    2.2   <u>Discovery Material</u>:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, electronically stored information, testimony, and tangible things), that are produced in this matter.

2.3 CONFIDENTIAL INFORMATION: Information that is sensitive and/or proprietary and that warrants protection under this Order, specifically: (1) trade secrets as defined under California Civil Code Section 3426.1(d) and applicable case law; (2) other confidential and proprietary technical, engineering, research or development information; (3) personal or commercial financial, budgeting, cost, pricing, and/or accounting information; (4) information about existing and potential clients, faculty and students; (5) marketing and branding studies, performance and projections, business strategies, decisions and/or negotiations; (6) personnel compensation, evaluations and other employment information; (7) attorney-client or work product information; and (8) confidential and proprietary information about affiliates, parents, subsidiaries, and third parties with whom a Party has had business relationships.  Confidential Information includes the Confidential Information itself, any information derived therefrom, and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversations derived therefrom or related thereto. Confidential Information does not include any information that is or becomes publicly available provided that this Order was not violated when the information was disclosed.

2.4 Producing Party:  A Party that produces Discovery Material in this action.

2.5 Receiving Party:  A Party that receives Discovery Material from a Producing Party.

2.6 Designating Party:  A Party that designates Discovery Material as CONFIDENTIAL pursuant to this Order.

3. **SCOPE OF PROTECTIVE ORDER**

3.1 The protections of this Protective Order may be invoked with respect to any Discovery Material produced or created in this action that contains CONFIDENTIAL INFORMATION of any Party or non-party witness, or that the Producing Party is otherwise required or entitled by law to maintain in confidence,

and with respect to any deposition, court filing, correspondence, exhibits or discovery request or response containing or referring to such materials. Said Discovery Material may be designated CONFIDENTIAL INFORMATION by any Party or by any non-party producing materials in this action. The terms "Producing Party" or "Designating Party" as used herein shall be deemed to include a non-party that produces materials in this action.

3.2   This Protective Order does not in any way deprive any Party or non-party of its right to contest another Party's claims to protection for confidential or privileged information. A Party's decision not to contest another party's designation of Discovery Material as "CONFIDENTIAL" is not to be construed as an admission that such material is a trade secret or otherwise deserving of protection under this Protective Order. No Party shall be deemed to be in violation of this Protective Order with respect to disclosures of any Discovery Materials to any other persons prior to the designation of that Discovery Material as "CONFIDENTIAL" pursuant to this Protective Order.

4.   **LIMITATIONS ON USE OF DISCOVERY MATERIAL**

Except as set forth herein, the Parties agree that all Discovery Material shall be used solely for the purpose of prosecuting or defending this action or any other proceeding between the Parties and may not be used for any other purpose. The Parties shall cooperate in maintaining the confidentiality of Discovery Material in any other action or proceeding, including seeking entry of an order similar in scope to this one. If the Parties cannot agree on a form of order, then any Party may apply for one.

5.   **DESIGNATION OF CONFIDENTIAL INFORMATION**

5.1   A Party may designate as CONFIDENTIAL any Discovery Material which it reasonably believes contains CONFIDENTIAL INFORMATION, and shall do so in the following manner:

   (a) Written discovery responses may be designated as CONFIDENTIAL by marking the document CONFIDENTIAL in the caption and in the header/footer appearing on each page, or by marking individual responses within the document as CONFIDENTIAL.

   (b) Hard copy documents may be designated as CONFIDENTIAL by marking each page containing Confidential Material as CONFIDENTIAL.

   (c) Electronic, magnetic or optical media (such as diskettes, CD-ROMs, tapes, or digital devices) may be designated as CONFIDENTIAL by marking the outside of the device as CONFIDENTIAL or by affixing a CONFIDENTIAL label to the device. The Receiving Party shall apply the same marking to any printouts from any electronic, magnetic or optical media designated as CONFIDENTIAL.

   (d) Deposition transcripts, or any portions thereof, may be designated as CONFIDENTIAL by making a statement to that effect on the record at the deposition. The Court Reporter or other person recording the proceedings shall segregate and separately bind any portion of the transcript which has been designated as CONFIDENTIAL. In the alternative, the transcripts or portions thereof may be designated as CONFIDENTIAL by written notice to counsel for the parties given within 20 days of the Designating Party's receipt of the transcript from the Court Reporter.

  5.2 A Party that inadvertently fails to designate Discovery Material as CONFIDENTIAL does not waive its right to designate that material as CONFIDENTIAL. The Designating Party shall, upon discovery of the inadvertent failure to designate, promptly notify in writing the Receiving Party and provide it with substitute copies of the affected documents, marked as CONFIDENTIAL, at the expense of the Designating Party. The Receiving Party shall retrieve and

destroy all copies of the undesignated materials, including copies previously provided to any persons in addition to the Receiving Party itself.

6. **ACCESS TO CONFIDENTIAL INFORMATION**

    6.1    No disclosure or dissemination of CONFIDENTIAL INFORMATION shall be made to anyone other than the following:

    (a)    This Court and any other court, jury, arbitrator or tribunal that is adjudicating claims between the Parties, including the staff of this Court and any other court, arbitrator or tribunal;

    (b)    Court reporters and videographers, and members of their staff, during the taking of testimony and to the extent necessary to provide a transcript or copy of the testimony taken;

    (c)    Any Party, including any present employee thereof to whom it is necessary that the designated material be shown for purposes of the litigation;

    (d)    Outside counsel for the Parties charged with the responsibility for supervising and/or actively engaged in the preparation of the case and their legal assistants and office personnel;

    (e)    In-house counsel for the Parties and any parent companies charged with the responsibility for supervising and/or actively engaged in the preparation of the case and their legal assistants and office personnel;

    (f)    Any person called to testify as a witness either at a deposition, trial or other proceeding, if such person is informed of the terms of this Protective Order and provided with a copy of it. The witness shall be bound by the terms of this Order whether or not he or she complies with paragraph 6.2, below. The failure of a witness to comply with paragraph 6.2 shall not prevent the witness from being examined about the CONFIDENTIAL INFORMATION and/or Discovery Material;

    (g) Outside experts or consultants retained by the Parties (or their counsel of record) to provide services in connection with this litigation, but only to the extent necessary for the expert or consultant to perform his or her work in connection with this litigation;

    (h) Persons who authored the document or to whom the document or a copy thereof was previously provided by the Designating Party, or who received it in the ordinary course of business;

    (i) Former directors, officers, employees and consultants of a Party if such person was an author, source or recipient of the material;

    (j) Employees of outside copying services or other vendors engaged by counsel to assist in the copying, imaging, handling or computerization of documents containing the material; and

    (k) Such other persons as hereafter may be authorized by the Court upon motion of either Party, or upon stipulation of all Parties in writing.

6.2 Each individual who receives CONFIDENTIAL INFORMATION hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.  In addition, each individual falling within the definitions of Paragraphs 6.1(c), (e), (f), (g), (h) and (k) above who is permitted by the Parties or their counsel to have access to CONFIDENTIAL INFORMATION shall be provided with a copy of this Protective Order for review prior to being given such access.  Upon receiving the same, such person shall sign a Disclosure Agreement in the form attached hereto as Exhibit A indicating that he or she has read the Protective Order and agrees to comply with its terms.

6.3 The signed Disclosure Agreements and Protective Orders provided for in Section 6.2 shall be retained by the counsel of record for the Party disclosing the CONFIDENTIAL INFORMATION to the person(s) signing the Disclosure

Agreements. Copies of the executed Disclosure Agreements shall be preserved by said counsel and shall be provided to the Producing Party if the Court so orders.

7. **SUBMISSION OF CONFIDENTIAL MATERIAL TO COURT**

    7.1   If a Party that designated Discovery Material as CONFIDENTIAL wishes to include such material in any filing with the Court, the document containing or attaching the CONFIDENTIAL Discovery Material shall be lodged with the Court with an application for filing under seal in accordance with Local Rule 79-5.1.  If a Party wishes to include Discovery Material that another Party designated as CONFIDENTIAL in any filing with the Court, the filing Party shall notify the designating Party at least 7 days in advance of the filing date.  The designating Party shall prepare an application for filing the CONFIDENTIAL Discovery Material under seal in accordance with Local Rule 79-5.1, which the filing Party shall file with its other filing, while lodging the CONFIDENTIAL Discovery material with the Court.  The Party submitting the CONFIDENTIAL Discovery Material shall mark on the outside of the envelope containing the document the title of the action and a statement substantially in the following form:

"CONFIDENTIAL, FILED UNDER SEAL

By order of the United States District Court for the Central District of California, this envelope is not to be opened and its contents are not to be displayed or revealed except by further order of the Court."

    7.2   In the event a Party files a document containing CONFIDENTIAL Discovery Material other than in accordance with this paragraph, any Party may apply to the Court that such materials be placed under seal.

    7.3   All pleadings and other court filings that contain CONFIDENTIAL Discovery Materials shall include on the first page of such document, and all copies thereof, a statement substantially to the effect that "This Document Contains CONFIDENTIAL Materials."

8. **CHALLENGES TO CONFIDENTIAL DESIGNATIONS**

If, at any time, any Party claims that certain Discovery Material was improperly designated as CONFIDENTIAL, or believes that it is necessary to disclose such Material to persons other than those permitted by this Protective Order, said Party shall notify the Designating Party in writing and the Parties shall try to resolve their dispute in good faith on an informal basis.  If the Parties are unable to do so, the objecting Party may make an appropriate application to the Court requesting that the specifically identified CONFIDENTIAL Discovery Material be excluded from the provisions of this Protective Order or that they be made available to specified other persons. The application shall be filed in accordance with Local Rule 37.  It shall be the burden of the Designating Party to establish that the contested material is CONFIDENTIAL Discovery Material and therefore properly designated as such.  Unless and until a Court's ruling is obtained changing a designation, or the Parties agree otherwise, the Discovery Material involved shall be treated according to its designation.

9. **RETURN OF CONFIDENTIAL DISCOVERY MATERIALS**

9.1   The parties acknowledge that if the case proceeds to trial, all trial exhibits and other information disclosed at trial that had been designated as CONFIDENTIAL during the action will become public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the Court in advance of the trial to proceed otherwise.

9.2   All other CONFIDENTIAL Discovery Material that has been disclosed under this Protective Order, and all copies, summaries and excerpts thereof, shall be returned to the Designating Party or destroyed, at the Receiving Party's election, within ninety (90) days of the final disposition of this action, including any appeals.  The Receiving Party shall certify in writing that all such material has been destroyed or returned at the end of said ninety (90) day period.  The terms of this Protective Order will survive the termination of this litigation.

9.3   Notwithstanding the foregoing, counsel for the parties shall be permitted to retain a file copy of materials created during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court and a copy of all depositions, including exhibits, and deposition evaluations.

## 10.   INADVERTENT PRODUCTION OF PRIVILEGED OR WORK PRODUCT INFORMATION

10.1   This Protective Order does not prejudice or otherwise limit the right of any Party to oppose production of any documents or information on the ground of attorney-client privilege, work product immunity or any other privilege or protection provided under law.

10.2   If a Party inadvertently produces information that it considers privileged or protected, in whole or in part, or learns of the production of privileged or protected material by a third person, the Party asserting that an inadvertent production has occurred must, within 30 days of the date of discovery of the inadvertent production, give notice to all Parties that the Party claims that the document, in whole or in part, is privileged or protected.  In addition, the notice must state the nature of the privilege or protection and the factual basis for asserting it.  If the Parties cannot resolve the matter independently, the Parties agree to meet and confer and file a joint statement with the Judge assigned to this case of the results of such meeting.  Thereafter, the Judge will order a conference or set the matter for briefing and hearing, after which the Judge will enter an order on the dispute.  If the recipient of the inadvertently produced privileged or protected document elects not to voluntarily return same to the Producing Party, no use of the document may be made by the recipient until the Judge rules on the matter and the Court rules on any appeal from that order.

10.3   If the Judge rules that an inadvertently produced document is privileged or protected, all Parties shall, within thirty (30) days, return or destroy

the segregated copy and any other copies in their possession or control, and provide written assurance that a diligent search has been conducted and that all such documents have either been returned or destroyed.

11. **INADVERTENT DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL**

11.1 An inadvertent or unintentional disclosure of "CONFIDENTIAL" Discovery Material will not be construed as a waiver, in whole or in part, of (i) any Party's claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or subsequent to that date, or (ii) any Party's right to designate said material as "CONFIDENTIAL" or pursuant to this Protective Order.

11.2 Should any documents, testimony, or information designated as "CONFIDENTIAL" be disclosed, inadvertently or otherwise, to any person or Party not authorized under this Order, then the Party responsible for the disclosure shall use its best efforts to (i) promptly retrieve the disclosed documents, testimony, or information from such unauthorized person or party, (ii) promptly inform such person or Party of all the provisions of this Protective Order, (iii) request such person or Party sign the "Non-Disclosure Agreement" attached as Exhibit A, if appropriate, (iv) identify such person or party immediately in writing to the Producing Party that designated the documents, testimony or information as "CONFIDENTIAL" and (v) identify the "CONFIDENTIAL" material in writing immediately to the producing party that designated the material as "CONFIDENTIAL." If a Non-Disclosure Agreement is executed, it shall promptly be served upon the party that designated the "CONFIDENTIAL" material. Nothing in this paragraph shall limit the right of the party that designated the "CONFIDENTIAL" material to seek relief from the Court as a result of a Party that inadvertently or otherwise disclosed the material to a person or Party not authorized under this Protective Order.

12. **ADDITIONAL PROVISIONS**

12.1  This Protective Order does not prevent: (a) any disclosure of CONFIDENTIAL Discovery Material by the Party who has designated such Material; (b) any disclosure of CONFIDENTIAL Discovery Materials to the Court or any other court, jury, arbitrator or tribunal adjudicating claims between the Parties, except as may be limited by this Order; or (c) any disclosure of information that a Receiving Party has obtained lawfully from a source other than the Designating Party, even if the Designating Party has produced the same information and designated it as CONFIDENTIAL pursuant to this Protective Order.

12.2  This Protective Order may be modified by further order of this Court. Nothing contained herein shall be deemed to preclude any Party from waiving any protection afforded to it under this Protective Order, provided such waiver is in writing or is recorded in a transcript during deposition testimony.

12.3  The Court shall retain jurisdiction over all persons bound by this Protective Order during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Protective Order.

12.4  If any Party who previously received CONFIDENTIAL Discovery Materials receives a subpoena or other compulsory process seeking the production of all or some of those materials, that Party or its counsel shall notify counsel for the Designating Party immediately in writing, via overnight mail, email or facsimile transmission, of the receipt of such compulsory process. Said Party shall provide counsel for the Designating Party with copies of that process and shall cooperate with respect to any procedure sought to be pursued by the Party whose interest may be affected.  The Disclosing Party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. Subject to any reasonable procedure sought to be pursued by the Party whose interest may be affected, the person or Party receiving the subpoena or other

process or order shall be entitled to comply with it except to the extent the Disclosing Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

DATED: September 14, 2011

_____
Hon. Andrew J. Wistrich
Magistrate Judge of the
United States District Court

Respectfully submitted:

George A. Shohet SBN 112697
**LAW OFFICES OF GEORGE A. SHOHET,**
**A PROFESSIONAL CORPORATION**
245 Main Street, Suite 310
Venice, CA 90291-5216
Tel.: (310) 452-3176
Fax: (310) 452-2270

Gretchen M. Nelson SBN 112566
**KREINDLER & KREINDLER LLP**
707 Wilshire Blvd, Suite 4100
Los Angeles, CA 90017
Tel.: (213) 622-6469
Fax: (213) 622-6019

Attorneys for Plaintiff Southern California Institute of Law

Nicholas W. Sarris, Esq.
**KAUFMAN BORGEEST AND RYAN LLP**
23975 Park Sorrento, Suite 370
Calabasas, CA 91302
Tel: 818-880-0992

[PROPOSED] PROTECTIVE ORDER GOVERNING THE PRODUCTION AND USE OF INFORMATION

Fax: 818-880-0993

Attorneys for Defendant TCS Education System

Maurice Fitzgerald, Esq.
**STRAZULO FITZGERALD LLP**
3991 MacArthur Blvd. Suite 400
Newport Beach, CA 92660
Tel.: 949-333-0883
Fax: 949-748-6146

Attorneys for Defendants David J. Figuli and Global Equities, LLC